Ronald L.M. Goldman, Esq (SBN 33422)
    rgoldman@baumhedlundlaw.com
Timothy Loranger, Esq (SBN 225422)
    tloranger@baumhedlundlaw.com
Clay Robbins, III, Esq. (SBN 101275)
    crobbins@baumhedlundlaw.com
BAUM HEDLUND ARISTEI & GOLDMAN, P.C.
10940 Wilshire Blvd, 17th Floor
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO GAS & ELECTRIC CO., SOUTHERN CALIFORNIA GAS COMPANY, SAN DIEGO PIPELINE COMPANY and DOES 1-100, Inclusive,<br><br>Defendants. | Case No. **'18CV2482 L    JLB**<br><br>COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL<br><br>[Negligence and Strict Liability/ Ultra Hazardous Activity] |

Plaintiffs, SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT by and through their attorneys of record, bring this action against Defendants. Plaintiffs allege on information and belief, except for information based on personal knowledge, as follows:

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRAL

## INTRODUCTION

This is a civil action brought on behalf of Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT for physical injuries, emotional distress and economic damages sustained by each Plaintiff as a direct proximate result of the negligent and otherwise wrongful acts, errors and/or omissions of Defendants SAN DIEGO GAS & ELECTRIC CO., SOUTHERN CALIFORNIA GAS COMPANY, SAN DIEGO PIPELINE COMPANY and DOES 1-100, Inclusive, (collectively, "DEFENDANTS") in connection with their design, installation, marking, repair and maintenance of gas lines at Marine Corps Base Camp Pendleton.

## PARTIES AND JURISDICTION

1. At all times alleged herein Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT were injured on September 12, 2017, in the State of California at the Marine Corps Base Camp Pendleton (Herein CAMP PENDLETON).

2. Jurisdiction is proper in this Court under Article I, Section 8, Clause 17 of the United States Constitution, which provides that Congress shall have the power to exercise exclusive legislation over all places purchased by the consent of the legislator of the State in which the same shall be. This Constitutional provision grants federal courts federal question jurisdiction over tort claims that arise on federal enclaves. CAMP PENDLETON is a federal enclave, established in 1942.

2
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRAL

3.     At all times alleged herein Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT were active duty members of the United States Marine Corps, stationed at CAMP PENDLETON.

4.     Defendant SAN DIEGO GAS & ELECTRIC CO. (herein SDG&E) is a California Corporation that markets, transports, distributes and sells natural gas as well as designs, installs, marks, inspects, maintains, repairs and operates natural gas distribution systems in the State of California with its principal place of business at 8330 Century Park Court, San Diego, California, 92123.

5.     Defendant SOUTHERN CALIFORNIA GAS COMPANY (herein SCG) is a California Corporation that markets, transports, distributes and sells natural gas as well as designs, installs, marks, inspects, maintains, repairs and operates natural gas distribution systems in the State of California with its principal place of business at, 555 West 5th Street, los Angeles, California 90013.

6.     Defendant SAN DIEGO PIPELINE COMPANY (herein SDPC) is a California Corporation that markets, transports, distributes and sells natural gas as well as designs, installs, marks, inspects, maintains, repairs and operates natural gas with its principal place of business at 9950 San Diego Mission Road, San Diego, California  92108.

7.     The true names and capacities, whether individual, corporate, or

otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who are therefore ignorant of the true names and sue said Defendants by such fictitious names. Plaintiffs believe and allege that each of the Defendants designated herein referred to and caused damages proximately and foreseeably to Plaintiffs as alleged herein. At all times hereinafter alleged, "DEFENDANTS" or "ALL DEFENDANTS" include all herein named Defendants as well as Defendants DOES 1 through 50, inclusive.

8. At all times herein alleged, each of the DEFENDANTS were the agents, servants, partners, aiders, and abettors, co-conspirator and parties of a joint venture agreement involving each of the remaining DEFENDANTS herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and joint venture and rendered substantial assistance and encouragement to the other DEFENDANTS, knowing that their conduct constituted a breach of the duty of care and owed to Plaintiffs and/or ultrahazardous misconduct.

**FACTUAL ALLEGATIONS**

9. Defendants DOES 1-100 are believed to be gas line installation contactors that at all times herein are alleged to have performed services at CAMP PENDLETON including designing, installing, inspecting, maintaining, repairing, marking and operating the gas system on the premises of the base pursuant to agreements with the US Marine Corps. (hereinafter USMC).

4
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRAL

10. Defendants SDG&C, SCG and SDPC performed activities in connection with designing, installing, maintaining, repairing, marking and operating the gas systems on the premises of CAMP PENDLETON.

11. Camp Pendleton Requirements, prepared by the Public Works Division, A&E Branch, dated 16 December 2014, contain design and specification requirements that are unique and specific to Camp Pendleton. A copy of the "Natural Gas Requirements" is attached hereto and incorporated by reference as Exhibit A.

12. Defendants and each of them failed to design, install, operate, maintain, repair and mark the gas lines on CAMP PENDLETON to meet the basic safety standards of a reasonably prudent supplier of gas on a military training base, and specifically failed to conform to the "Natural Gas Requirements" for CAMP PENDLETON as set forth in Exhibit A at pages 115-118:

> 2d. All pipe shall be buried a minimum of 36" below finished grade or as recommended by the manufacturer, whichever is greater. Burial of gas pipe with less than 26" of cover requires PWD (Public Works Department) approval.
>
> 2f. Buried piping shall include magnetic warning tape installed 12" below finished grade. Tape shall be 3" wide and have the words "Caution buried gas line below".
>
> 2i. All above ground piping shall have proper labeling..., including

5
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRAL

directional labeling.

2m. New gas lines located in vegetated areas, way from paved areas shall have pipeline markers indicating presence of the lines. Contractor shall place markers at or near all taps, tees, and caps, and so as to ensure continuous line of sight is established at intervals not to exceed 500' along natural gas lines.

The gas lines that were out of compliance with the above referenced safety requirements on CAMP PENDLETON and which are alleged to have proximately caused injury to Plaintiffs and each of them is hereinafter referred to as the OUT OF COMPLIANCE GAS LINE.

13. As a direct and proximate result of Defendants' negligence and/or other misconduct as alleged herein, and each of their acts and omissions in the design, installation, operation, maintenance, repair, and marking of the OUT OF COMPLIANCE GAS LINE at Camp Pendleton, created dangerous conditions for Marines training and operating heavy military vehicles on the base grounds in close proximity with said line thereby subjecting them to an unreasonable and foreseeable risk of harm if a vehicle exits the roadway and comes into contact with said gas line.

14. On or about Wednesday September 13, 2017, in San Mateo section of CAMP PENDLETON during the scheduled land-based portion of a pre-deployment Marine Corps Combat Readiness Evaluation, an Assault Amphibious

Vehicle (hereinafter AAV) came into contact with the OUT OF COMPLIANCE GAS LINE, resulting in an explosion and fire seriously injuring the personnel on board, including Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT. Had the gas line been in compliance with the "Natural Gas Requirements" for CAMP PENDLETON as set forth in Exhibit A, and/or otherwise in a reasonable condition for the location and expected use, the driver of the AAV would have observed and avoided the marked and visible gas line, the AAV would not have come into contact with said gas line, and the explosion, fire and burn injuries to Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN, TAGEN, SCHMIDT and others would not have occurred.

15. Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT suffered severe and permanent injuries including first, second and third degree burns as a direct result of the AAV coming into contact with the OUT OF COMPLIANCE GAS LINE. Plaintiffs endured substantial conscious pain and suffering, both physical and emotional in nature. Plaintiffs incurred and continue to incur significant expenses for medical care and treatment; each suffered lost wages and earnings (past and future), and have otherwise been physically, emotionally, and economically damaged. The injuries and damages alleged herein are permanent and Plaintiffs will continue suffer same into the foreseeable future.

## COUNT 1:

## NEGLIGENCE CAUSE OF ACTION

### (Against San Diego Gas & Electric Co., Southern California Gas Company, San Diego Pipeline Co. and DOES 1 – 100)

16. Plaintiffs incorporate by reference each and every prior paragraph of this Complaint as though set forth in full in this cause of action.

17. At all times herein mentioned, DEFENDANTS, and each of them, had a duty to exercise reasonable care in the marketing, design, installation, operation, inspections, maintenance, repair, and marking of the OUT OF COMPLIANCE GAS LINE. In addition, in the event the installation of, maintenance of, or other negligent conduct in connection with the OUT OF COMPLIANE GAS LINE was subcontracted by Defendants and/or any of them, said Defendants owed non-delegable duties to utilize special safeguards and precautions, as established by Marine and Department of Defense statues and regulations alleged herein, among others, to ensure the safety of all Marines operating equipment in proximity to said gas line, including Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT operating on CAMP PENDLETON and any other member of the public coming into contact with the OUT OF COMPLIANCE GAS LINE while at CAMP PENDLETON.

18. DEFENDANTS, and each of them, breached their duty of reasonable care to Plaintiffs in that they negligently marketed, designed, installed, operated,

inspected, maintained, repaired, and marked the OUT OF COMPLIANCE GAS LINE. Specifically, DEFENDANTS failed to exercise reasonable care which included, but were not limited to, one or more of the following particulars:

    a. In their failure to bury the OUT OF COMPLIANCE GAS LINE at least 36 inches below finished grade, or as recommended by the manufacturer, whichever is greater;

    b. In their failure to include magnetic warning tape installed 12 inches below finished grade that is three inches wide and contains the words "Caution buried gas line below" directly above the buried OUT OF COMPLIANCE GAS LINE;

    c. In their failure to include proper labeling on the OUT OF COMPLIANCE GAS LINE;

    d. In their failure to include pipeline markers so as to ensure continuous line of sight of OUT OF COMPLIANCE GAS LINE is established at intervals not to exceed 500 feet;

    e. In their failure to otherwise properly design, install, operate, inspect, maintain, repair, and mark OUT OF COMPLIANCE GASE LINE.

    f. In their failure to properly design the subject gas line;

    g. In their failure to properly install the subject gas line;

    h. In their failure to properly operate the subject gas line;

    i. In their failure to properly maintain the subject gas line;

    j. In their failure to properly inspect the subject as line;

    k. In their failure to properly repair the subject gas line;

    l. In their failure to properly train their employees;

    m. In their failure to properly supervise those working on the subject gas line.

    n. In their failure to warn the public of the existence of an unreasonably dangerous condition;

    o. In their failure to correct an unreasonably dangerous condition of which they had notice prior to the subject accident;

    p. In their violation of applicable, local, state, and federal laws and/or regulations; and

    q. Other and further acts, errors and/or omissions as will be shown at trial.

19.   DEFENDANTS, and each of them, knew or should have known that Marines at CAMP PENDLETON, such as Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT, would foreseeably suffer injuries as a result of the DEFENDANTS' failure to exercise reasonable and ordinary care. Specifically, DEFENDANTS', and each of them, knew or should have known that Marines at CAMP PENDLETON driving vehicles, such as AAV, during routine pre-deployment exercises, such as a Marine Corps Combat Readiness evaluation, would not and could not reasonably be

expected to visually observe and thereby avoid the OUT OF COMPLIANCE GAS LINE and that, as a result, Plaintiffs would be injured as herein alleged.

20. As a direct and proximate result of DEFENDANTS' carelessness and negligence, and of the unreasonably dangerous and defective characteristics of the OUT OF COMPLIANCE GAS LINE, Plaintiffs suffered loss, damage and/or injuries, as herein alleged.

## COUNT 2:

## STRICT LIABILITY – ULTRA-HAZARDOUS ACTIVITY CAUSE OF ACTION

## (Against San Diego Gas & Electric Co., Southern California Gas Company and San Diego Pipeline Co.)

21. Plaintiffs incorporate and re-allege each of the paragraphs above as though fully set forth herein.

22. Defendants activities in designing, installing, marking, operating, controlling, managing, monitoring, inspecting, repairing and/or maintaining the OUT OF COMPLIANCE GAS LINE that traversed areas adjacent to roadways on which heavy equipment operated through and within CAMP PENDLETON constitute an ultrahazardous and abnormally dangerous activity, that poses a serious risk of harm to the public traveling adjacent to said pipeline, regardless of the amount of care exercised.

23. As alleged herein, Plaintiffs suffered harm when the AAV in which

they were traveling on came into contact with the OUT OF COMPLIANCE GAS LINE causing an injury producing explosion and fire, which was a direct result of DEFENDANTS ultra-hazardous activities in designing, operating, installing, marking, controlling, inspecting, maintaining, managing, monitoring, and repairing the subject gas line.

24. Plaintiffs harm was the kind of harm that would be anticipated as a result of the risk created by DEFENDANTS' abnormally dangerous activities, i.e., design, installation, operation, inspection, maintenance, repairs and/or marking of the OUT OF COMPLIANCE GAS LINE.

25. DEFENDANTS' ultra-hazardous activities resulted in the explosion and fire on September 13, 2017 and was therefore a substantial factor in causing Plaintiffs' harm, as alleged herein.

26. DEFENDANTS' ultra-hazardous activities resulted in the explosion and fire on September 13, 2017 and was therefore a substantial factor in causing Plaintiffs' harm, as alleged herein.

///

///

///

///

///

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT pray for judgment as follows against all Defendants:

1. Past and future medical care expenses of Plaintiffs' according to proof;

2. Past and future loss of earnings of Plaintiffs' according to proof;

3. Other economic loss;

4. Compensation for physical pain and discomfort;

5. Compensation for fright, nervousness, anxiety, worry and apprehension;

6. Pre-judgment and post-judgment interest to the Plaintiff according to proof;

7. Awarding reasonable cost to the Plaintiffs' as provided by law; and

8. Granting all such other relief as the Court deems necessary, just and proper.

BAUM HEDLUND ARISTEI & GOLDMAN, P.C.

DATED:   October 29, 2018            s/ Timothy A. Loranger
                              By _____
                                 CLAY ROBBINS III
                                 RONALD L.M. GOLDMAN
                                 TIMOTHY A. LORANGER
                                 *Attorney for Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

BAUM HEDLUND ARISTEI & GOLDMAN, P.C.

DATED: October 29, 2018

By s/ Timothy A. Loranger
_____
CLAY ROBBINS III
RONALD L.M. GOLDMAN
TIMOTHY A. LORANGER
*Attorney for Plaintiffs SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SAMUEL KOONTZ, ANTHONY ROMERO, NICHOLAS AMRIEN and TAGEN SCHMIDT

**DEFENDANTS**
SAN DIEGO GAS & ELECTRIC CO., SOUTHERN CALIFORNIA GAS COMPANY, SAN DIEGO PIPELINE COMPANY, and DOES 1-100

(b) County of Residence of First Listed Plaintiff: **San Diego**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **San Diego**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Baum, Hedlund, Aristei & Goldman, P.C.
12100 Wilshire Boulevard, Suite 950
Los Angeles, CA 90025 (310) 207-3233

Attorneys *(If Known)*

**'18 CV 2482 L    JLB**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Article I, Section 8, Clause 17 of U.S. Constitution (federal enclave jurisdiction)
Brief description of cause:
Personal injury from explosion and fire when military vehicle struck out of compliance gas line at Camp Pendleton

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:
JUDGE: Cynthia Bashant
DOCKET NUMBER: 17-cv-2433-BAS-JLB

DATE: 10/29/2018
SIGNATURE OF ATTORNEY OF RECORD: /s Timothy A. Loranger

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____